**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MARK L. SHARP,

Plaintiff,

v.

NV CHALLAPALLI CARDIOLOGY, *et al.*,

Defendants.

Case No. 3:26-CV-00321-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

[ECF Nos. 1-1, 5]

Before the Court is Plaintiff Mark L. Sharp's ("Sharp") application to proceed *in forma pauperis*, (ECF No. 5), and his *pro se* civil rights complaint, (ECF No. 1-1). For the reasons stated below, the Court recommends that Sharp's *in forma pauperis* application, (ECF No. 5), be granted, and his complaint, (ECF No. 1-1), be dismissed for failure to state a claim.

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Sharp cannot pay the filing fee; therefore, the Court recommends that the application be granted.

**II. SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an IFP complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the IFP statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an IFP complaint for the enumerated reasons). Such screening is required before a litigant proceeding IFP may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT

Sharp asserts this complaint against NV Challapalli Cardiology ("Challapalli") and Northern Nevada Sierra Medical Center ("NNSMC") (collectively referred to as "Defendants"). (ECF No. 1-1.) Sharp alleges that on the last day of April 2024, he authorized "Challapalli" to "go up through my groin in to my heart" for what was supposed to be a 24-hour out-patient procedure, but he remained there for over one week. (*Id.* at 1-2.) The staff at NNSMC told Sharp that he had residual blood in his leg but that it would dissipate. (*Id.*) However, the next day Sharp was rushed into emergency surgery

because of a hole in his artery, which should not have been touched during the initial procedure. (*Id.*) The day after surgery, Sharp's right testicle grew to the size of a softball and Sharp was once again told that it was residual blood which would dissipate. (*Id.*) The blood had not dissipated before Sharp was released and his right testicle has felt uncomfortable for the two years since the surgery. (*Id.* at 3.)

First, Sharp has not named a person who was a state actor, which is necessary to allege a claim under § 1983. Sharp named only Defendants Challapalli and NNSMC, neither of which are persons and are therefore not proper defendants for purposes of a civil rights claim. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition."). Even if Sharp amended his complaint to name individual employees of either establishment, they cannot be construed as state actors sufficient for liability under § 1983.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).

Generally, private doctors and hospitals are not considered to be state actors. *Briley v. State of Cal.*, 564 F.2d 849, 855-56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section" and collecting authority). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the

same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "The party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.* Here, there is nothing about Sharp's allegations that could possibly be construed to attribute Challapalli or NNSMC's actions to the State. Therefore, Sharp has failed to allege that Defendants are state actors under § 1983.

Furthermore, even if Defendants were state actors, allegations of medical malpractice cannot support a claim under § 1983. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment). "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the *defendants chose this course in conscious disregard* of an excessive risk to the plaintiff's health." *Id.* (citation and internal quotation marks omitted) (emphasis added). Sharp's complaint contains allegations concerning his surgery and follow-up care for complications arising from the surgery. (*See* ECF No. 1-1.) Sharp alleges the surgery punctured an artery that should not have been impacted, but he does not allege that any individual was more than negligent or that the course of treatment was medically unacceptable under the circumstances. (*Id.*) Therefore, Sharp has alleged nothing more than medical malpractice, which is insufficient to support a claim under § 1983.

Consequently, the staff at NV Challapalli Cardiology or Northern Nevada Medical Center are not state actors for the purpose of § 1983, and even if they were state actors, Sharp alleges only medical malpractice, which is insufficient to support a constitutional claim. Thus, the Court recommends that Sharp's complaint be dismissed without

prejudice and without leave to amend. As the “state actor” requirement is “a jurisdictional requisite for a § 1983 action[,]” the Court recommends that this complaint be dismissed without prejudice and without leave to amend to enable Sharp to raise any claims on medical malpractice in the appropriate state court. *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

## V. CONCLUSION

For the reasons articulated above, the Court recommends that Sharp’s application to proceed IFP, (ECF No. 5), be granted, and Sharp’s complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

Sharp is advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled “Objections to Magistrate Judge’s Report and Recommendation” and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court’s judgment.

///

///

///

///

///

///

///

///

///

///

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Sharp's application to proceed *in forma pauperis*, (ECF No. 5), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Sharp's complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Sharp's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED**: June 29, 2026.

**UNITED STATES MAGISTRATE JUDGE**