UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK L. SHARP,

Plaintiff,

v.

NV CHALLAPALLI CARDIOLOGY, *et. al.*,

Defendants.

Case No.: 3:26-cv-00321-MMD-CLB

ORDER

*Pro se* Plaintiff Mark Sharp filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 5) and a complaint (ECF No. 1-1 ("Complaint")) against Defendants NV Challapalli Cardiology ("Challapalli") and Northern Nevada Sierra Medical Center ("NNSMC") (collectively, "Defendants") for allegations of medical malpractice under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 7) recommending the Court grant the IFP application (ECF No. 5) and dismiss the action without prejudice and without leave to amend for failure to state a claim. (ECF No. 7 at 1, 6.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 5) because Sharp is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 7 at 1-2.)

Judge Baldwin then screens Sharp's Complaint. (*Id.* at 3-6.) Sharp alleges that Defendants committed medical malpractice during a cardiac procedure, resulting in complications that required emergency surgery and caused ongoing pain. (*Id.* at 3-4.) However, Judge Baldwin recommends dismissal because Sharp fails to state a claim under 42 U.S.C. § 1983.[1] (*Id.* at 4-6.) In particular, Defendants, a private cardiology practice and hospital, are not state actors for purposes of § 1983, and, even if they were, Sharp's allegations of medical negligence cannot support a claim sufficient to establish a constitutional violation under § 1983.[2] (*Id.* at 4-5.) This is because, generally, "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation . . ." *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted). Judge Baldwin therefore recommends dismissal without prejudice and without leave to amend because amendment cannot cure the absence of state action, leaving Sharp to pursue any viable medical malpractice claims in state court. (*Id.* at 5-6.) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

///

///

///

///

///

///

///

---

[1]A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2]"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

It is further ordered that Sharp's IFP application (ECF No. 5) is granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1).

It is further ordered that Sharp's Complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 14th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE